FILED

2017 FEB 14  PM 3: 24

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MARK A. CANTU,
         Plaintiff,

-vs-                                            Case No. A-16-CA-1278-SS

COMMISSION OF LAWYER DISCIPLINE and
STATE BAR OF TEXAS,
         Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff Mark Cantu's Original Complaint and Verified Application for Restraining Order and Injunctive Relief [#1], Motion for Reconsideration [#6], and Supplemental Motion for Reconsideration [#8]. Having reviewed the documents and the relevant law, the Court now enters the following opinion and orders.

### Background

In his motion for reconsideration, Plaintiff Mark Cantu asks this Court to reconsider its order denying Cantu's emergency motion for a temporary restraining order and temporary injunction. Mot. Recons. [#6] at 1. Cantu seeks to enjoin the State Bar of Texas and its committee, the Commission of Lawyer Discipline, from enforcing a state court judgment disbarring Cantu from the practice of law. *Id.* After reviewing the complaint, as well as Cantu's motion for reconsideration and supplemental motion for reconsideration, the Court finds it does not have subject matter jurisdiction over Cantu's claims and must *sua sponte* dismiss Cantu's complaint without prejudice.



The dispute in this case first arose when Cantu, an attorney, filed for bankruptcy in the Bankruptcy Court for the Southern District of Texas before Judge Marvin Isgur. *See In re Marco A. Cantu, et al.*, No. 08-70260 (Bankr. S.D. Tex. Feb. 17, 2011). According to Cantu, Judge Isgur "complain[ed]" about Cantu's behavior in his opinion and "forwarded it to the State Bar Of Texas and other courts." Compl. [#1] ¶ 11. As a result, the State Bar of Texas, through its Commission of Lawyer Discipline, initiated a disciplinary proceeding against Cantu in the District Court for the 398th District in Hidalgo County, Texas. *See Comm'n for Lawyer Discipline v. Mark A. Cantu*, No. C-0027-12-I (398th Dist. Ct., Hidalgo County, Tex. Apr. 11, 2016). This disciplinary proceeding against Cantu was tried to a jury, which found him liable for professional misconduct. *Id.* at 1. The state district court determined disbarment was the proper sanction and entered a judgment immediately disbarring Cantu. *Id.* at 2. Cantu, "anticipating an appeal," filed a motion to stay enforcement of the judgment with the district court. Compl. [#1] ¶ 15. But the district court denied the motion to stay, citing Texas Rule of Disciplinary Procedure 3.14, which unequivocally states "a district court judgment of disbarment . . . cannot be stayed." Cantu also filed a motion for a new trial that the district court denied. Compl. [#1] ¶ 16.

Cantu appealed the district court's disbarment judgment to the Thirteenth Court of Appeals of Texas. *See Mark A. Cantu, III, v. Comm'n for Lawyer Discipline*, No. 13-16-0332-CV (Tex. App.—Corpus Christi Jul. 14, 2016, pet. denied). Cantu filed another emergency motion to stay, asking the state appellate court to stay enforcement of the district court's disbarment judgment pending appeal. Compl. [#1] ¶ 18. Like the district court, the state appellate court denied Cantu's motion to stay, citing Rule 3.14. *Id.* Cantu then filed a Petition for Writ of Mandamus with the Texas Supreme Court "in a final effort before the state courts to vindicate his constitutional rights . . . ." *Id.* ¶ 19. The Texas

Supreme Court denied his petition on September 2, 2016, but Cantu claims he only learned of the denial on December 2, 2016. *Id.*

On December 7, 2016, Cantu filed the instant case, requesting declaratory and injunctive relief. *Id.* ¶ 35–36; *id.* at 12–16. In his complaint, Cantu asks this Court to declare that Rule 3.14 is unconstitutional. Cantu also included an emergency motion for a temporary restraining order and temporary injunction in his complaint. *Id.* at 12–16. Specifically, Cantu requests injunctive relief enjoining the State Bar of Texas and the Commission of Lawyer Discipline "from denying [Cantu] an opportunity to practice law during the pendency of the appeal" of the district court's disbarment judgment. Mot. Recons. [#6] at 9.

On the same day, the Court entered an order denying Cantu's request for a temporary restraining order and temporary injunction. Order of Dec. 7, 2016 [#4] at 4. Now, Cantu asks the Court to reconsider that order. Upon further review of Cantu's complaint and other pleadings, however, the Court finds it does not have subject matter jurisdiction over Cantu's claims for injunctive and declaratory relief. For the reasons stated below, the Court dismisses Cantu's complaint *sua sponte* for lack of subject matter jurisdiction.

## Analysis

### I. Legal Standard

Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, treaty, or the Constitution, they lack the power to adjudicate a claim. *See Cuquenan v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Federal courts must therefore dismiss an action whenever it appears federal subject matter jurisdiction is lacking. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Accordingly, federal courts may *sua sponte* dismiss a complaint on subject matter

jurisdiction grounds even if the defendants have not yet been served. FED. R. CIV. P. 12(h)(3); *see McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."); *Zernial v. United States*, 714 F.2d 431, 433–34 (5th Cir. 1983) ("*Sua sponte* dismissal for lack of subject matter jurisdiction is, of course, proper at any stage of the proceedings."); *Abdalmatiyn v. Harrison*, No. 3:13-CV-1935-L, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013) ("A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.").

## II.    Application

In its December 7, 2016 order, this Court determined Cantu did not meet the temporary restraining order and temporary injunction standard. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (A party seeking temporary injunctive relief must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.") (internal quotation omitted). Most importantly, the Court found Cantu did not "demonstrate a substantial likelihood of success on the merits because he has not shown the Court has jurisdiction over his claims." Order of Dec. 7, 2016 [#4] at 3. For support, the Court cited the *Rooker-Feldman* doctrine, which bars federal courts from exercising appellate jurisdiction over state court judgments. *Id.* at 3. Because Cantu sought to enjoin the enforcement of the state court's judgment in his emergency injunction motion, the Court concluded it "likely lack[ed] jurisdiction." *Id.* at 4.

Upon further review of the record, the Court finds the *Rooker-Feldman* doctrine definitively strips this Court of subject matter jurisdiction over Cantu's claims. Under the *Rooker-Feldman* doctrine, the United States Supreme Court is the only federal court that may engage in judicial review

-4-

of state court proceedings. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983); *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "United States District Courts . . . do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* doctrine is "confined to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments."). Further, the *Rooker-Feldman* doctrine prevents federal district courts from reviewing any constitutional issues that are "inextricably intertwined" with the state court proceedings. *Exxon Mobil Corp.*, 544 U.S. at 286.

Ultimately, Cantu's complaint, motion for reconsideration, and supplemental motion for reconsideration ask this Court to review an order entered in a state court proceeding. Specifically, Cantu's application for injunctive relief asks the Court to enjoin the Texas State Bar and the Commission of Lawyer Discipline from enforcing the state district court's disbarment judgment. Compl. [#1] at 11; Mot. Recons. [#6] at 9; Suppl. Mot. Recons. [#8] at 5–6. Granting this relief would require the Court to restrain the state district court from enforcing its own disbarment judgment—an action the *Rooker-Feldman* doctrine explicitly forbids.

The *Rooker-Feldman* doctrine also deprives this Court of jurisdiction over Cantu's claim for declaratory relief. Cantu asks the Court to declare that Rule 3.14—which states a state district court's disbarment judgment cannot be stayed— is unconstitutional because it violates his rights to due process and equal protection. Compl. [#1] at 11; Mot. Recons. [#6] at 9; Suppl. Mot. Recons. [#8] at 5–6. These constitutional attacks, however, are "inextricably intertwined" with the state court's decision to disbar Cantu and to deny his request to stay that disbarment. *See, e.g., Butler v. Wood*, 383 F. App'x

-5-

875, 877 (11th Cir. 2010) ("To the extent [plaintiff] couches his complaint in terms of independent constitutional claims against defendants, those federal claims were inextricably intertwined with the [state] Supreme Court's disbarment order and, thus, still fell within the confines of the *Rooker-Feldman* jurisdictional bar.") *and Marcanti v. Attorney Registration and Disciplinary Comm'n*, No. 98-C-6210, 1998 WL 773675, at *1 (N.D. Ill. Oct. 30, 1998) (*Rooker-Feldman* doctrine precluded plaintiff's declaratory action alleging defendant disciplinary commission violated his constitutional rights under the Fourteenth Amendment). The Court is therefore barred from considering Cantu's constitutional claims.[1]

Nothing in Cantu's motion for reconsideration or supplemental motion for reconsideration changes the Court's conclusion. These motions do not point to a manifest error of law or fact in the December 7, 2016 order, illuminate an inadvertent clerical error, or present newly discovered evidence. *See* FED. R. CIV. P. 59(e); *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (A motion to reconsider is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," but instead "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation and quotations omitted). Rather, Cantu simply attaches the

---

[1] In addition to the Court's lack of jurisdiction under *Rooker-Feldman* doctrine, the *Younger* abstention doctrine likely requires this Court to abstain from hearing Cantu's requests for injunctive and declaratory relief. Under *Younger* abstention, federal courts cannot grant injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 91 (1971). Absent "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings: (1) are ongoing, (2) implicate an important state interest, and (3) provide the plaintiff an adequate opportunity to litigate the federal claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, Cantu's disciplinary proceeding in state court is ongoing as his appeal is pending with the Thirteenth Court of Appeals. In addition, Texas's attorney disciplinary proceedings implicate important state interests. *See Middlesex*, 457 U.S. at 434 ("The State . . . has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."). Cantu also had an opportunity to raise his concerns about the constitutionality of Rule 3.14 in the state district and appellate courts. Finally, Cantu has not shown "extraordinary circumstances" exist. Thus, because the *Younger* requirements are met, the Court must abstain from granting Cantu's request for injunctive and declaratory relief.

motion for new trial he filed in the state district court disciplinary proceeding to his motion for reconsideration, claiming it shows a substantial likelihood he will succeed in proving the state court's decision to disbar Cantu was in error. Mot. Recons. [#6] at ¶ 10. Not only could Cantu have included this argument in his original complaint, but it also does not disturb the Court's application of the *Rooker-Feldman* doctrine.

At another point in his supplemental motion for reconsideration, Cantu attempts to sway the Court by alluding to this Court's recent decision in *Whole Woman's Health, et al. v. Hellerstedt*, No. 1:16-cv-1300-SS (W.D. Tex. Jan. 27, 2017):

> [T]his Court rightfully blocked the State of Texas from exercising what it deemed was an unconstitutional attack and burden on a women's access to abortion. My case is exactly the same in that the state bar, a state agency, arbitrarily promulgated Rule 3.14 which violates a disbarred attorney's right to supersede a judgment which is not final, and specifically denies him rights that are allowed to an attorney who is suspended which is essentially the same thing.

Suppl. Mot. Recons. [#8] ¶ 7; *see also* Mot. Recons. [#6] ¶ 11. Again, this reasoning fails to convince the Court Cantu's constitutional attacks are not "inextricably intertwined" with the state court's disciplinary proceeding.

In sum, the *Rooker-Feldman* doctrine requires this Court to *sua sponte* DISMISS Cantu's claims for lack of subject matter jurisdiction. Cantu's motion for reconsideration and supplemental motion for reconsideration do not persuade the Court otherwise.

### Conclusion

Accordingly,

    IT IS ORDERED that Plaintiff Mark Cantu's Complaint is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction; and

    IT IS FINALLY ORDERED that Plaintiff Mark Cantu's Motion for Reconsideration

[#6] and Supplemental Motion for Reconsideration [#8] are DISMISSED AS MOOT.

SIGNED this the 14th day of February 2017.

/s/ Sam Sparks

SAM SPARKS
UNITED STATES DISTRICT JUDGE